
RECEIVED
IN ALEXANDRIA, LA
FEB - 2 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KEVEN L. WYRICK<br>FED. REG. NO. 08724-045 | CIVIL ACTION NO. 06-2259 |
| VS. | SECTION P<br>JUDGE DRELL |
| FREDRICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on November 27, 2006 by *pro se* petitioner Keven L. Wyrick. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving the life sentence imposed in 1997 following his felony convictions in the United States District Court for the Western District of Missouri. See <u>United States of America v. Keven L. Wyrick</u>, No. 4:94-cr-00194 (U.S.D.C. W.D.Mo.). Petitioner claims that he is entitled to *habeas corpus* because he is actually innocent.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On November 1, 1997 petitioner was found guilty of

committing murder to further a continuing criminal enterprise and conspiracy to distribute marijuana in the United States District Court for the Western District of Missouri. See United States of America v. Keven L. Wyrick, No. 4:94-cr-00194 (U.S.D.C. W.D.Mo.) On June 26, 1998, his conviction and sentence were affirmed on appeal to the United States Eighth Circuit Court of Appeal. United States of America v. Dennis B. Moore, Sr. and Keven L. Wyrick, 149 F.3d 773 (8th Cir. 1998). His application for certiorari was denied by the United States Supreme Court on January 11, 1999. Wyrick v. United States, 525 U.S. 1082, 119 S.Ct. 826, 142 L.Ed.2d 684 (1999).

On January 7, 2000 he filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in the trial court. Petitioner argued that the trial court erred when it failed to properly instruct the jury and that he received ineffective assistance of counsel. On February 9, 2001 his §2255 Motion was denied. See Kevin Wyrick v. United States of America, No. 4:00-cv-0021. (U.S.D.C. W.D.Mo.). That ruling was affirmed by the Eighth Circuit in an unpublished order dated June 14, 2001. Keven L. Wyrick v. Unites States of America, No. 01-1800.

On September 4, 2002 petitioner, who was then incarcerated at the United States Penitentiary, Leavenworth, Kansas, filed a petition for writ of habeas corpus in the United States District Court for the District of Kansas. He argued actual innocence,

that his sentence was unconstitutional, that the convictions violated the prohibition against double jeopardy, and that the jury instruction were erroneous. On July 2, 2004 his petition was dismissed because petitioner failed to show that the remedy afforded by §2255 was inadequate. Keven Wyrick v. N.L. Conner, Warden, No. 5:02-cv-03281 (U.S.D.C. Kan.). That judgment was affirmed by the United States Tenth Circuit Court of Appeal on January 11, 2005. Wyrick v. Conner, Warden, No. 04-3254 (10th Cir. 2005).

On December 6, 2005 petitioner petitioned the United States Eighth Circuit Court of Appeal for permission to file a second and successive §2255 Motion. On December 29, 2005 his motion was denied. Wyrick v. United States, No. 05-4256 (8th Cir. 2005).

Petitioner filed the instant *habeas corpus* petition on November 27, 2006 claiming "actual innocence." Petitioner also claims that his present claim satisfies the "savings clause" of §2255 because he now relies on the holding of Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (June 1, 1999), which he claims was unavailable at the time of his first §2255 Motion.

### *Law and Analysis*

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a

sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the § 2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive

requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his convictions. His claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a <u>retroactively applicable Supreme Court</u> decision which establishes that he may have been convicted of a nonexistent offense, <u>and</u> (2) his claim was <u>foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion</u>. Reyes-Requena, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. Indeed, contrary to petitioner's assertion, the decision he relies upon, Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (June 1, 1999) was decided six months before he filed his first §2255 Motion. (Of course, this is not

to say that petitioner is justified in his reliance on <u>Richardson</u> in the first place.)

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _3rd_ day of _February_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE